IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| SUNSET LANES INC & BOJE ENTERPRISES INC, | GENERAL JURISDICTION |
| Plaintiffs | |
| v. | |
| MIDWEST FAMILY MUTUAL INSURANCE COMPANY, | CASE NO.: 4:25-cv-971 |
| Defendant. | |
| _____/ | |

## COMPLAINT

COMES NOW, SUNSET LANES INC & BOJE ENTERPRISES INC, (hereinafter "Plaintiffs") by and through the undersigned counsel, and hereby file this Complaint against MIDWEST FAMILY MUTUAL INSURANCE COMPANY ("Defendant") and in support thereof allege the following:

### PARTIES

1.  Plaintiffs SUNSET LANES INC is a General Business - for Profit, registered in the State of Missouri and is a business entity organized and existing under the laws of the State of Missouri with its principal place of business located in Missouri.

2.  Plaintiffs BOJE ENTERPRISES INC is a Corporation registered in the State of Florida and is a business entity organized and existing under the laws of the State of Florida and is authorized to do business in Missouri.

3.  Both Plaintiffs own property located in the State of Missouri at 7777 Watson RD Saint Louis, MO 63119. that is the subject of this action and bring this suit in their respective capacities as property owners.

4. Defendant is a foreign corporation registered and licensed to sell insurance in the State of Missouri. Defendant's principal address is 12130 Meredith Drive, suite 230W Urbandale, IA 50323, and its registered agent for service of process in Missouri is Incorp Services INC, 1531 E Bradford Pkwy Ste 200 Springfield, MO 65804-6564.

**JURISDICTION & VENUE**

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.

6. Venue is proper in the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. § 1391(b)(1) and (2) because: the Defendant resides in this judicial district, and/or a substantial part of the events or omissions giving rise to the claims occurred in this district.

**BASIC PREMISE**

7. This is a breach of contract case which arises from a property insurance policy contract entered into by Plaintiffs and Defendant. Plaintiffs is an insured under the subject insurance policy. Said underlying insurance policy contract contains property insurance coverage for wind and hail. Despite Plaintiffs's demand to Defendant to pay Plaintiffs their full benefits consistent with the damages to their property, Defendant has refused Plaintiffs's request and demand.

**FACTUAL BACKGROUND**

8. This lawsuit arises out of the following transactions, acts, omissions, and/or events.

9. In consideration for the premium paid by Plaintiffs to Defendant, Defendant provided property insurance coverage to Plaintiffs for the property or properties (hereafter referred to as the "Properties") listed under the insurance policy bearing number CPMO0560127026 (hereafter referred to as the "Policy"). Please see attached hereto as Exhibit A the Policy. Plaintiffs reserve the right to supplement this Complaint by attaching a full copy of the policy.

10. The Policy purchased by Plaintiffs covers direct physical loss of or damage to scheduled Buildings, Business Income and Extra Expense.

11. All payments on the policy were current, and the Policy was in full force and effect between the dates of 12-10-2023 through 12-10-2024, and during the subject date of loss.

12. On or about 05-26-2024 during the policy period, the Plaintiffs's insured property at 7777 Watson RD Saint Louis, MO 63119 sustained severe wind and hail damage. These perils are covered under the policy.

13. Upon discovery of the damages, and in accordance with the terms of the Policy, Plaintiffs promptly reported the claim.

14. Defendant assigned claim number 00419775 to the loss, and assigned Katie Reed to investigate and adjust the claim.

15. Defendant scheduled and inspected the property on 12-31-2024, where Plaintiffs allowed Defendant's field adjuster access to the property.

16. Plaintiffs and/or their representatives did not prevent or obstruct the Defendant's field adjuster from inspecting and documenting the damages at the property.

17. Plaintiffs complied with any and all of Defendant's requests for information, and provided Defendant with all information necessary for them to render a coverage decision in favor of Plaintiffs.

18. Following the initial inspection, Plaintiffs followed up with Defendant for updates and offers of assistance.

19. Despite there being visible and documented damage from a covered peril, the Defendant has breached the Policy by failing to pay Plaintiffs their full benefits due and owing under the Policy.

20. As a result, Plaintiffs sent Defendant a notice of intent to sue letter on or about 05-07-2025 in accordance with Missouri Law, which was set to expire on or about 05-17-2025.

21. Included in Plaintiffs's Notice of Intent to Sue was an estimate for damages totaling $ 242,248.91. See attached as Exhibit B Plaintiffs's Estimate of Damages.

22. Defendant let Plaintiffs's Notice of Intent to Sue letter expire without curing their breach.

23. To date Defendant has failed to: 1) conduct a reasonable investigation into the cause of loss; 2) issue timely payment for the undisputed damages; 3) issue payment for all lines of coverage owed under the policy; and 4) failed to confirm or deny the claim within a reasonable amount of time.

24. Plaintiffs have attempted to obtain full and complete payment for the covered damages pursuant to the insurance policy.

25. Defendant, acting through its agents, servants, representatives, and employees has failed to properly investigate, evaluate, and adjust Plaintiffs's claim for benefits in good faith and has further failed to deal fairly with Plaintiffs.

26. Defendant has failed to pay for all covered damages on a timely basis as required by the insurance contract and as required by the Missouri Insurance Code. Instead, Defendant has denied coverage for the damage when coverage for those damages under the policy was reasonably clear.

27. Plaintiffs have cooperated with every request made by Defendant and has displayed, at reasonable times, all their relevant records, documents, buildings and contents that are the subject of this loss.

28. Defendant has persisted in delay or denial to pay the full amounts due to Plaintiffs even though a person of ordinary prudence and care would have done otherwise.

29. No reasonable basis exists for Defendant to delay and/or refuse to provide covered benefits due and owing under the insurance policy in question.

30. No reasonable basis exists for Defendant to delay and/or refuse to pay covered benefits due and owing under the insurance policy in question.

31. Defendant has misrepresented to Plaintiffs that the damage to the property was not due to the covered peril from the storms of 05-26-2024, even though the damages were caused by the covered peril.

32. Defendant failed to settle the claim in a fair manner, although Defendant was aware of liability to Plaintiffs under the Policy, in violation of Missouri Insurance Code.

33. Defendant refused and/or failed to properly evaluate the covered damage to Plaintiffs's Properties, forcing Plaintiffs to hire their own experts and incur additional expenses.

34. Defendant refused to fully compensate Plaintiffs, under the terms of the Policy because the Defendant failed to conduct a reasonable investigation, in violation of the Missouri Insurance Code.

35. Defendant performed an outcome-oriented investigation of Plaintiffs's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs's losses on the Properties. Defendant's conduct constitutes violations of the Missouri Insurance Code.

36. Defendant failed to meet its obligations under the Missouri Insurance Code regarding payment of claims without delay. Specifically, Defendant has delayed full payment of claims longer than allowed and to date Plaintiffs has not yet received full payment for the claim. Defendant is in violation of Missouri Insurance Code.

37. From and after the time Plaintiffs's claim was presented to Defendant, its liability to pay the full claims in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment.

38. As a result of Defendant's acts and omissions, Plaintiffs was forced to retain the undersigned attorney who represents Plaintiffs in this cause of action.

39. Plaintiffs' experience is not an isolated case. The acts and omissions committed by Defendant, in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant, with regard to handling these types of claims. Defendant's entire process is unfairly designed to reach favorable outcomes for the insurance company at the expense of the policyholder.

40. Plaintiffs have complied with all post-loss obligations under the Policy and the Defendant was not prejudiced in its investigation.

41. Plaintiffs satisfied all conditions precedent required before filing the instant action.

42. Defendant's delay in paying the amounts due and owing to Plaintiffs subjects Defendant to payment for accrued interest, attorney fees, and any other relief provided for by law.

## COUNT I– BREACH OF CONTRACT

43. Plaintiffs hereby re-alleges the allegations contained in paragraph 1 through 41 as set forth above, and incorporates the same herein by reference.

44. This is a cause of action for damages by Plaintiffs against Defendant for Breach of the subject insurance contract.

45. Plaintiffs and Defendant executed a valid and enforceable written insurance contract providing insurance coverage to the insured locations at:

   a. 7777 Watson RD Saint Louis, MO 63119.

46. The insurance contract provided coverage for the perils of wind and hail among other perils. Defendant has a complete copy of the Policy in its possession.

47. All damages and loss to Plaintiffs's property were the direct result of a peril for which Plaintiffs's insured pursuant to the Policy herein, wind and hail.

48. Defendant sold the Policy insuring the Property in its "as is" condition.

49. Plaintiffs suffered a loss with respect to the property at issue and additional expenses as a result of the hail and wind damage.

50. Plaintiffs submitted a claim to Defendant pursuant to the contract of insurance for damages as a result of the hail and wind damage.

51. Plaintiffs provided Defendant with proper notice of damage to the Property.

52. Defendant by and through its agents failed to properly evaluate the damage resulting from the covered cause of loss, hail and wind.

53. Defendant by and through its agents failed to retain the appropriate experts and/or consultants to evaluate the hail and wind damage to the subject property.

54. As of this date, Defendant has failed to pay for the hail and wind damages to Plaintiffs.

55. Plaintiffs have attempted to obtain full and complete payment for covered losses pursuant to Defendant's Policy.

56. Defendant, acting through its agents, servants, representatives, and employees, has failed to properly investigate, evaluate and adjust Plaintiffs's claim for benefits in good faith and has further failed to deal fairly with Plaintiffs.

57. Defendant has failed and refused to evaluate the information surrounding facts regarding Plaintiffs's covered claim, choosing instead to hide behind palpably incorrect assumptions and conclusions of its agents, employees, or consultants.

58. As a direct result of Defendant's breach of the Policy, Plaintiffs was required to hire the undersigned attorney and have become obligated to pay attorneys' fees and costs in connection with the prosecution of this action.

**WHEREFORE**, Plaintiffs pray that this Honorable Court enter an award against Defendant for compensatory damages, pre-judgment interest, attorneys' fees, and costs, and all other and further relief this Honorable Court deems just and proper.

## COUNT II – MISSOURI STATUTES § 375.420 & § 375.296.

## VEXATIOUS REFUSAL TO PAY CLAIM

59. Plaintiffs hereby re-alleges the allegations contained in paragraphs 1 through 57 as set forth above and incorporates the same herein by reference.

60. This is a cause of action for damages by Plaintiffs against Defendant for committing acts in violation of Missouri Statutes § 375.420 & § 375.296.

61. Defendant is an entity that is required to comply with Missouri Statutes § 375.420 & § 375.296.

62. Missouri Statutes § 375.420 & § 375.296 establish that an insurer that refuses or fails, for a period of thirty days after due demand, to pay a loss without a reasonable cause of excuse becomes liable for extra-contractual damages.

63. Defendant's conduct constitutes multiple violations of both Missouri Statutes § 375.420 & § 375.296, including but not limited to:

   a. Misrepresenting material facts such as making misleading statements about the policy's benefits, coverage or meaning; failing to state a material fact necessary to make other statements not misleading; making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact; making a material misstatement of law; or failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of this code;

   b. Failing to attempt a fair settlement in good faith when liability became reasonably clear;

   c. Failing to provide a prompt or reasonable explanation for Defendant's coverage decision;

   d. Failing to conduct a reasonable investigation before denying Plaintiffs's claim;

   e. Failing to timely investigate the claim or request necessary documentation within a reasonable timeframe;

    f.   Failing to approve or deny the claim within a reasonable timeframe after receiving all requested information; or

    g.   Failing to pay the claim within a reasonable timeframe after agreeing to pay the claim.

64.    Defendant received, prior to the initiation of this action, 30-days notice and demand for payment as required by Missouri Statutes § 375.296.

65.    Still, Defendant has refused to pay Plaintiffs's full benefits under the Policy.

66.    By accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, Defendant has engaged in an unconscionable action or course of action as prohibited by Missouri Statutes § 375.420 & § 375.296, taking advantage of Plaintiffs's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, resulting in a gross disparity between the consideration paid in the transaction and the value received.

67.    Defendant's delay of the payment of Plaintiffs's claim following its receipt of all items, statements, and forms reasonably requested and required, took longer than the amount of time reasonably allowed, as described above, and is a violation of Missouri Statutes § 375.420 & § 375.296. Such conduct constitutes a non-payment of the claim while having all relevant information necessary to render a coverage decision in favor of covering Plaintiffs's damages

68.    As a direct result of Defendant's unfair claims practices, Plaintiffs was required to hire the undersigned attorney and has become obligated to pay attorneys' fees and costs in connection with the prosecution of this action.

**WHEREFORE**, Plaintiffs demands judgment against Defendant for actual damages suffered as a result of Defendant's violations of Missouri Statutes § 375.420 & § 375.296; damages not to exceed twenty percent of the first fifteen hundred dollars of the loss, and ten

percent of the amount of the loss in excess of fifteen hundred dollars; reasonable attorney's fees and court costs; pre- and post-judgment interest at the maximum rate allowed by law; and any other relief this Court deems just and proper.

## **KNOWLEDGE AND INTENT**

69. Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiffs's damages described herein.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury for those issues that are so triable against Defendant pursuant to law.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs respectfully requests that this Court enter judgment in favor of Plaintiffs and against Defendant as follows:

1. Defendant breached the contract, entitling Plaintiffs to recover the benefit of their bargain. The Court further finds that Plaintiffs are entitled to actual damages, including the loss of benefits that should have been paid under the policy, as well as attorney's fees pursuant to applicable state law.

2. Defendant violated Missouri Statutes § 375.296 & Missouri Statutes § 375.420, entitling Plaintiffs to actual damages which include the loss of benefits that should have been paid pursuant to the policy, as well as damages in the amount of twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars; a reasonable attorney's fee; pre- and post-judgment interest at the maximum rate allowed by law; and any other relief allowable under Missouri law.

Respectfully submitted,

**NATIONAL INSURANCE ADVOCATES, LLP**
*/s/ J.D. Haas, Esq.*

Bar No.: 67521
*Of-Counsel for Plaintiff*
1120 East 80th St,
Suite 200
Bloomington, MN 55420
Primary Email: jdhaas@jdhaas.com
Secondary Email: service@nia.law
PH: 952-345-1025

# EXHIBIT A